United States District Court
For the Northern District of California

1
2
3
4           IN THE UNITED STATES DISTRICT COURT
5           FOR THE NORTHERN DISTRICT OF CALIFORNIA

PHILLIP PAPPAS,

    Plaintiff,

v.

W. S. WADKINS; W. J. HILL; I. GUERRA; J. LOZADO; W. B. CHILDRESS; R. HALL; NOLA GRANNIS; R. GOMEZ; GASPAR; DAVID MENDEZ; C. SEKULA; M. PRATTI; M. SOLARIO; VIDAURRI; E. MCCANT; F. A. RODRIGUEZ; J. HUTCHINS; GARZA; KEN CLARK; PIO ENRIQUEZ; STURGES; A. LOPEZ; R. VAN VUGT; K. SANTORO; J. PRUD'HOMME; D. SCHOTTGEN; L. SMITH, a.k.a. L. ZINANI; AHLIN; TOM EMIGH; PLOUGH; T. PRICE; D. L. PORTER; P. BRANNIN; K. ESTES; E. AGUIRRE; R. JORDT; CRAIN; SHAW; M. ROSAS; D. STOHL; D. DUVALL; S. CHILDRESS; F. NAVARETTE; WILSON; J. HOLINSKI, a.k.a. J. KAISER; E. CAMPOS; S. MARTIN; CHURLESON; DOWLING; D. TREVINO; L. CARTAGENA; MORENO; K. HIXON; G. CORNWALL; R. MANUEL; J. BATCHELOR; R. SADDI; G. ABREU; B. SWEENEY; C. RAMIREZ; R. IBARRA; R. VELASQUEZ; M. VIEIRA; M. ZUNIGA; Y. YEHUDA; G. GUERRERO; THORPE; TOMMY WAN; JONES, III; ANTHONY KANE; M. ORGAZAN; T. LINN; KIMBERELY A. SMITH; S. LABARE; W. RIVERA; J. WARD; K. ALLISON; LINNETTE AUSTEN; and SANDRA MACIEL,

NO. C 09-3246 WHA (PR)

**ORDER GRANTING DEFENDANTS' MOTION TO SCREEN CASE AND DISMISSING CASE WITH LEAVE TO AMEND**

Defendants.
_____/

**INTRODUCTION**

Plaintiff, an inmate at California State Prison-Solano in Vacaville, filed this case in Santa Clara County Superior Court. It was removed to this court by defendants Austin, Kane, LaBare, and Maciel. The removal was subsequently joined by defendants W. B. Childress, I. Guerra, G. Guerrero, W. J. Hill, J. Lozado, and M. Zuniga.[1] Defendants have filed a waiver of their right to reply to the complaint and a motion for the court to screen it. The motion (document 3) is **GRANTED**. The screening is performed below.

**DISCUSSION**

**A.   STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative

---

[1] When the word "defendants" is used below it refers to only the defendants who removed the case.

level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     LEGAL CLAIMS**

The complaint covers a wide variety of prison conditions at two different institutions where plaintiff was housed, the California Training Facility at the California Substance Abuse and Treatment Facility. The complaint is 147 pages long, not counting what appears to be hundreds of pages of attachments, contains 18 sections, and names 80 defendants, the majority of whom many of whom plaintiff has not provided a location. The complaint is extraordinary broad, and appears to touch upon everything plaintiff found objectionable between 2005 and 2007, including allegations about retaliation, confiscation of legal materials, conspiracy, "cover-ups," interference with mail, limitations on access to the yard, the denial of parole, cell moves, job changes, disciplinary actions, the inmate appeals process, threats, "harassment," "intimidation," and indifference to his medical needs, among a host of other allegations.

The complaint has several deficiencies that require an amended complaint to be filed. First, the complaint has several claims that are not properly joined under Federal Rule of Civil Procedure 20(a) concerning joinder of claims and defendants. Rule 20(a) provides that all persons "may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." As described above, plaintiff's claims cover a broad array of different incidents by different individuals at a minimum of two institutions over the course of approximately two years. In his amended complaint, plaintiff may only allege claims that (a) arise out of the same transaction, occurrence, or series of

transactions or occurrences and (b) present questions of law or fact common to all defendants named therein. Plaintiff may not include in a single complaint everything that has happened to him over the last four years in prison that he finds objectionable. He must choose what claims he wants to pursue that meet the joinder requirements; if he asserts improperly joined claims in his amended complaint, they will be dismissed.

Second, the complaint does not comply with the requirement that the averments be "simple, concise, and direct." Federal Rule of Civil Procedure 8(a) requires that the complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(e) requires that each averment of a pleading be "simple, concise, and direct," and the failure to adhere to this requirement may be the basis for dismissal. *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (affirming dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"). The complaint here does not comply with Rule 8(e). There are not simple, concise and direct averments. Instead, the rambling factual allegations include unnecessary minutiae about dozens of interactions between plaintiff, other inmates and staff, and the complaint is replete with conclusory argument about retaliation, cover-ups and conspiracies.

Third, it appears that plaintiff has improperly included as defendants persons who did no more than fail to grant his administrative appeals. There is no constitutional right to a jail administrative appeal or grievance system. *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.1988); *see Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) (prison grievance procedure is procedural right that does not give rise to protected liberty interest requiring procedural protections of Due Process Clause). Plaintiff had no federal constitutional right to a properly functioning appeal system. An incorrect decision on an administrative appeal or failure to handle it in a particular way therefore did not amount to a violation of his right to due process. The descriptions of his efforts to pursue inmate appeals should not be repeated in the amended complaint.

**CONCLUSION**

1. The complaint is **DISMISSED** with leave to amend, as indicated above, within thirty

4

1 days from the date of this order. The amended complaint must include the caption and civil
2 case number used in this order (No. C 09-3246 WHA (PR)) and the words AMENDED
3 COMPLAINT on the first page. Because an amended complaint completely replaces the
4 original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v.*
5 *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the
6 original complaint by reference. Failure to amend within the designated time and in accordance
7 with this order will result in the dismissal of these claims.

8     2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court
9 informed of any change of address by filing with the clerk a separate paper headed "Notice of
10 Change of Address." Papers intended to be filed in this case should be addressed to the clerk
11 and not to the undersigned. Petitioner also must comply with the Court's orders in a timely
12 fashion. Failure to do so may result in the dismissal of this action for failure to prosecute
13 pursuant to Federal Rule of Civil Procedure 41(b).

14 **IT IS SO ORDERED.**

15 Dated: October __20__, 2009.

16 WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5

G:\PRO-SE\WHA\CR.09\PAPPAS3246.DWLTA.wpd

6