United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP PAPPAS, | No. C 09-3246 WHA (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| I. GUERRA; W.J. HILL; J. LOZADO; ANTHONY KANE, | (Docket No. 14) |
| Defendants. / | |

### INTRODUCTION

This is a pro se civil rights complaint under 42 U.S.C. 1983 filed by a plaintiff proceeding pro se. The action was originally filed in state court, and then defendants removed it here. The complaint was dismissed with leave to amend. Plaintiff has timely amended.

### ANALYSIS

**A. STANDARD OF REVIEW**

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.  Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     LEGAL CLAIMS**

Plaintiff claims that defendants violated his constitutional rights by transferring him from the California Training Facility ("CTF") to another prison in retaliation for his filing grievances and lawsuits against CTF officials.

The transfer is not in and of itself actionable because prisoners have no constitutional right to incarceration in a particular institution, *Olim v. Wakinekona*, 461 U.S. 238, 244-48 (1983), and a prisoner's liberty interests are sufficiently extinguished by his conviction that the state may transfer him to any of its institutions without offending the Constitution, *Rizzo v. Dawson*, 778 F.2d 527, 530 (9th Cir. 1985).  However, retaliation by a state actor for the exercise of a constitutional right is actionable under Section 1983, even if the act, when taken for different reasons, would have been proper, *Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 283-84 (1977), because retaliatory actions may tend to chill individuals' exercise of constitutional rights, *Perry v. Sindermann*, 408 U.S. 593, 597 (1972), such as the filing of inmate grievances and lawsuits, *see*, *e.g.*, *Austin v. Williams*, 367 F.3d 1167, 1171 (9th Cir. 2004).

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a

2

legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).  Additionally, a prisoner must at least allege that he suffered harm, since harm that is more than minimal will almost always have a chilling effect.  *Id.* at 567-68 n.11.

Plaintiff has not here alleged that he suffered harm from the transfer.  Even if harm could be inferred from the allegations or plaintiff could allege such harm in a further amended complaint, however, the claim fails for another reason, namely that the transfer advanced legitimate penological goals.  A prisoner bears the burden of pleading and proving absence of legitimate correctional goals for the conduct of which he complains.  *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995).  Petitioner has not done so here.   While he alleges in conclusory fashion that the transfer did not advance any legitimate penological interests, the specific allegations in the amended complaint establish precisely the opposite.  In particular, plaintiff quotes the "chrono" ordering the transfer, which plainly sets forth legitimate correctional goals that are reasonably served by the transfer (Am. Compl. 4).  The chrono notes that plaintiff has filed many grievances and lawsuits against officials at CTF, to the point where virtually any action by CTF employees is viewed as retaliatory, which leads to further appeals and lawsuits (*ibid.)*.  Officials then offer several reasons for the transfer.  First, because plaintiff has a large number of complaints about CTF employees, officials were concerned that failing to transfer him, and keeping plaintiff in close proximity with those employees, could be viewed as retaliatory (*ibid.*).  Secondly, CTF employees are hampered from disciplining plaintiff, should there ever be a need to do so, out of fear that it would be viewed by plaintiff as retaliatory (*ibid.*).  Third, the transfer will separate plaintiff from prison employees whom plaintiff believes "are harassing him," allegations that are impeding his ability to "program" effectively (*ibid.*).  Finally, it is noted that the transfer is "non-adverse" and "not based upon any chargeable infraction" (*ibid.*).

Retaliation claims brought by prisoners must be evaluated in light of concerns over "excessive judicial involvement in day-to-day prison management, which 'often squander[s] judicial resources with little offsetting benefit to anyone.'" *Pratt*, 65 F.3d at 807 (quoting *Sandin v. Conner*, 515 U.S. 472, 482 (1995)).  In particular, courts should "'afford appropriate

3

deference and flexibility' to prison officials in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory." *Ibid.* (quoting *Sandin*, 515 U.S. at 482). The needs to separate a plaintiff from officials whom he believes are harassing him, as well as to allow proper discipline and programming of plaintiff, are legitimate penological interests that are reasonably served by the transfer. As the amended complaint establishes that the reasons for the transfer was done for legitimate correctional purposes and not to retaliate or punish plaintiff or to deter him from filing further grievances and lawsuits, it does not state a cognizable retaliation claim.

## CONCLUSION

For the reasons set out above, this action is **DISMISSED**. Defendants' motion for a screening order is (docket number 14) is **GRANTED.** The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: June __14__, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4

G:\PRO-SE\WHA\CR.09\PAPPAS3246.DSM.wpd